IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BEN LAMBETH, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Case No. 5:18-CV-00661-HJB |
| § | |
| BREAKAWAY PRACTICE, LLC, § | |
| § | |
| *Defendant.* § | |

## ORDER ON DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES [DKT. #32], PLAINTIFF'S MOTION TO COMPEL [DKT. #43], AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER [DKT. #48]

**CAME FOR CONSIDERATION** on this the 25th day of June, 2019, Defendant **BREAKAWAY PRACTICE, LLC ("Defendant")**, who presented to this Court its Motion to Compel Plaintiff's Responses to Defendant's First Requests for Production and First Set of Interrogatories [Dkt. #32] in the above-entitled and numbered cause (the "Defendant's Motion to Compel") and their Motion for Protective Order [Dkt. #48] (the "Defendant's Motion for Protective Order") and Plaintiff Ben Lambeth ("Plaintiff"), who presented to the Court his Motion to Compel [Dkt. #43] (the "Plaintiff's Motion to Compel"). The Court, after reviewing Defendant's Motion to Compel [Dkt. #32] and after reviewing the pleadings on file, is of the opinion that Defendant's Motion to Compel should be **GRANTED IN PART and DENIED IN PART** as set forth herein, that the Plaintiff's Motion to Compel [Dkt. #43] should be **GRANTED IN PART and DENIED IN PART** as set forth herein, and that the Defendant's Motion for Protective Order [Dkt. #48] should be **DENIED WITHOUT PREJUDICE** as set forth herein.

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that, with respect to Defendant's Motion to Compel [Dkt. #32], the Court **ORDERS**, as follows:.

- Plaintiff is hereby **ORDERED** to provide full and complete responses to Defendant's First Set of Interrogatories Nos. 1 and 2 by July 12, 2019. In response thereto, Plaintiff is permitted to provide Defendant with business records containing the information requested in Interrogatories Nos. 1 and 2 in native format or as they are kept in the usual course of business or in the form provided or made accessible to Plaintiff during the pendency of the contractual or business relationship between Plaintiff and Defendant.

- Plaintiff is further **ORDERED** to serve sworn verifications to Defendant's First Set of Interrogatories by July 12, 2019.

- Defendant's Motion to Compel Requests for Production Nos. 1-16, 19, and 23 is **DENIED**, without prejudice, as to the following objections:

    o Plaintiff's objections and assertions of "subject to and without waiving the foregoing objections . . ." language to Requests for Production Nos. 1-16, 19, and 23;

    o Plaintiff's "Attorney-Client" and "Common Interest Doctrine" objections and privilege assertions to Requests for Production Nos. 2, 4, 5, 6, 8, 11, 12, 13, and 14; and,

    o Plaintiff's relevancy and proportionality objections to Requests for Production Nos. 1-15.

- Defendant is permitted to re-serve Plaintiff with requests for production seeking communications between Plaintiff and those individuals identified in Requests for Production Nos. 1-16, 19, and 23 with specific details about the format or media in which the electronic communications were made (*e.g.*, www.facebook.com, www.dentaltown.com, text messages, WhatsApp, or electronic mail).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, with respect to Plaintiff's Motion to Compel [Dkt. #43], the Court **ORDERS**, as follows:

- Defendant's objections to Interrogatories Nos. 4, 5, and 11 and Requests for Production No. 11-17 are **SUSTAINED**; provided, however, that Plaintiff is permitted to re-serve Defendant with an Interrogatory requesting Defendant to identify any and all seminars between July 28, 2013 through September 16, 2016 where Dr. Scott Leune spoke about or marketed the Affiliate Program. Defendant's answer to the aforementioned Interrogatory shall be served by July 12, 2019.

- Defendant's objections to Requests for Production No. 18-23 are **SUSTAINED WITHOUT PREJUDICE**; provided, however, that Plaintiff is permitted to serve Defendant with Requests for Production seeking information about Defendant as an "alter ego" of other Breakaway-affiliated entities.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion for Protective Order [Dkt. #48] is hereby **DENIED WITHOUT PREJUDICE.** At the hearing on Defendant's Motion for Protective Order, the Parties agreed, on the record, to submit an agreed Rule 29 Stipulation permitting certain third-parties to receive documents designated as "Confidential" under the Agreed Protective Order without causing any violation thereof.

All relief not expressly granted herein is otherwise **DENIED**.

**IT IS SO ORDERED.**

SIGNED on this the ___9th___ day of ___July___, 2019.

_____
HON. UNITED STATES
MAGISTRATE JUDGE PRESIDING